**Charles F. BLANTON, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

April 11, 1985.

Rehearing Denied June 13, 1985.

Donald E. Armstrong, Jr., Louisville, for movant.

David L. Armstrong, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENSON, Justice.

Charles F. Blanton was convicted of second-degree manslaughter and wanton endangerment. He was sentenced to consecutive terms of ten years and five years respectively.

We granted discretionary review of an order of the Court of Appeals denying Blanton's motion for a stay of judgment, RCr 12.76(2). We affirm the order of the Court of Appeals.

The trial court routinely sentenced Blanton and denied bail on appeal. (Appeal on the merits is pending in the Court of Appeals.) Blanton filed a document requesting a stay of execution of judgment, pursuant to RCr 12.76(2), electing not to commence service of the sentence. Blanton argues that by this election he should be freed from custody pending appeal.

The sole issue here is the interpretation of RCr 12.76(2), which provides:

> (Imprisonment.) The execution of a sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail.

The Rules of Criminal Procedure became effective on January 1, 1963. "Election not to commence service of the sentence" at the time the rule was adopted allowed a defendant to choose between commencement of a sentence of imprisonment in the penitentiary or remaining in jail pending appeal. This purpose of the rule is acknowledged by Blanton. At the time of adoption of the rule, time spent in jail was not credited to sentences. Time on the sentence began to run when received at a penitentiary. KRS 532.120 was later enacted, and (3) of this section provides:

> Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of such sentence shall be considered for all purposes as time served in prison.

Blanton asserts that by enacting KRS 532.120(3) the legislature has mandated a change in the interpretation of RCr 12.-76(2), and that it now means that by filing

a notice of appeal and an election not to commence service of sentence, a defendant must be released from custody.

We reject Blanton's interpretation of the rule. We are of the opinion RCr 12.76(2) means the same now as in 1963. Any other interpretation would lead to absurd results—the implied repeal of all statutes and rules pertaining to bail.

We are of the opinion RCr 12.76(2) should be interpreted now as in 1963 that a defendant who has filed a notice of appeal and election not to commence service of the sentence is granted the right to remain in jail rather than be transported to prison.

The order of the Court of Appeals is affirmed.

All concur.